GLD-099                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3013
_____

STEVEN GRAVLEY, JR.,
                                                    Appellant

v.

ROBERT TRETNIK, Corrections, Health Care Administrator;
IDA DICIA, Nurse; PAM FILCHECK, Nurse

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 08-cv-01125)
Magistrate Judge:  Honorable Cathy Bissoon

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 28, 2011
Before:  AMBRO, CHAGARES AND NYGAARD, Circuit Judges

(Opinion filed:  February 23, 2011)
_____

OPINION
_____

PER CURIAM

       Steven Gravley, Jr., a Pennsylvania prisoner proceeding pro se, appeals from the

District Court's orders granting the defendants' motions for summary judgment.  For the

reasons that follow, we will summarily affirm in part, vacate in part, and remand for

further proceedings consistent with this opinion.

Gravley filed an action pursuant to 42 U.S.C. § 1983, alleging that the received inadequate medical treatment for an asthma attack that began while he was asleep in his cell at SCI-Fayette. According to Gravley's account of the incident, he used his inhaler once, but it "only had enough medication in it for one puff." Gravley reported his condition to a Department of Corrections ("DOC") employee, Sergeant William Lowden, who in turn contacted Ida DiCio, a DOC nurse. Approximately half an hour later, Sergeant Lowden told Gravley that Nurse DiCio would provide more medication "in the morning." Gravley continued to complain about breathing problems, and was told that another nurse, Pam Filcheck, would charge him $5 if she had to come to his cell. At some point during the night, Gravley lost consciousness and hit his head on the floor. The next morning, Gravley was provided with a new inhaler. Later that day, Gravely submitted a written request to the prison Health Care Administrator, Robert Tretinik ("Administrator Tretinik"), asking that he "get medical to perform the duties outlined in the . . . medical procedure manual." In his complaint, Gravley named Administrator Tretinik and Nurses Filcheck and DiCio as defendants.[1]

The parties consented to proceed before a Magistrate Judge. The defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The Magistrate Judge converted the motion into one for summary judgment and, on May 13, 2009, granted it in part, holding that Gravley's failure to identify Nurse Filcheck in his prison

---

[1] Two of the defendants' names are misspelled in the caption of the complaint and on the District Court and appellate dockets. We will use the correct spellings in this opinion.

grievance constituted a failure to exhaust administrative remedies and that Administrator Tretinik had no personal involvement in the treatment of Gravley following his asthma attack. As to Nurse DiCio, however, the Magistrate Judge found that there was a genuine issue of material fact concerning whether Gravely had filed a final level administrative appeal, which would satisfy the exhaustion requirement. Several months later, Nurse DiCio moved for summary judgment, arguing that she was not aware that Gravley was suffering from a condition requiring immediate medical treatment. The Magistrate Judge granted the motion by order entered June 24, 2010, holding that "no reasonable jury could find, on the evidence presented by the parties, that Nurse DiCio was ever aware that [Gravley] needed immediate medical attention." Gravley appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Courts' orders granting summary judgment. See DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006).

The Prison Litigation Reform Act of 1996 (the "PLRA") requires that a prisoner pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. See 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 741 (2001). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances

3

or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). A prisoner's failure to substantially comply with the procedural requirements of the prison's grievance system will result in a procedural default of the issue and effectively bar the inmate from bringing his claim in federal court. See Spruill v. Gillis, 372 F.3d 218, 231-32 (3d Cir. 2004). Pursuant to Pennsylvania DOC policy, grievances must include "facts relevant to the claim" and, "to the extent practicable," "should identify any persons who may have information that could be helpful in resolving the grievance." Id. at 233. Notably, "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." Jones v. Bock, 549 U.S. 199, 219 (2007) (stating that "early notice to those who might later be sued . . . has not been thought to be one of the leading purposes of the exhaustion requirement.").

Gravley did not name Nurse Filcheck in his initial grievance, which was filed on June 2, 2008. Instead, based on erroneous information received from a prison guard at the time of the incident, Gravley alleged in the grievance that it was Nurse Donna Vilcoss who said that he would be charged a fee if medical personnel came to his cell. Later, in July 2008, Gravley learned that Nurse Filcheck had been involved. We conclude that, under the circumstances, Nurse Filcheck's identity was not a fact relevant to Gravley's grievance. While she certainly had information that could have been helpful in resolving the grievance, it was not "practicable" for Gravley to identify her. Gravley did not speak directly with the nurses on the night of the incident and had no reason to question the guard's identification of Nurse Vilcoss. Accordingly, Gravley did not procedurally

4

default his claim against Nurse Filcheck.

Gravley further alleged that Administrator Tretinik violated his rights under the Eighth Amendment by not properly treating his asthma attack. The Magistrate Judge concluded that Administrator Tretinik was not liable under a respondeat superior theory because he "had no involvement in the decisions made during the night of May 23, 2008, when [Gravley] allegedly was denied access to medical care." We agree that, to the extent Gravley sought to hold Administrator Tretinik liable for the misconduct of subordinate officials, the complaint fails to state a claim. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). But Gravley's allegations are not based solely on supervisory liability. The day after the asthma attack, Gravley submitted a written complaint to Administrator Tretinik, alleging that he was not being treated for ongoing pain and tightness in his throat and chest. We have held that "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." Spruill, 372 F.3d at 236. Because Gravley alleged that Administrator Tretinik was aware of an allegedly untreated serious medical need but failed to take any action, his claim is cognizable.

Finally, Gravley alleged that Nurse DiCio effectively ignored his need for medical care. To show that his medical care amounted to a violation under the Eighth Amendment, Gravley must demonstrate "(1) that the defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 106

5

(1976)).  Gravley must provide an evidentiary basis for concluding that prison officials had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Deliberate indifference requires that prison officials know of an excessive risk to an inmate's health or safety and affirmatively disregard that risk.  Id. at 837-38.  In a declaration, Nurse DiCio stated that while she did remember "some discussion at some point regarding a request for a new inhaler" she "was never informed by anyone at SCI-Fayette that Inmate Gravley was experiencing an asthma attack or otherwise [was] suffering from any medical emergency on" May 23, 2008.  We agree with the Magistrate Judge that the summary judgment record does not indicate that Nurse DiCio was aware that Gravley was in need of immediate medical attention.  Indeed, as the District Court noted, when Sergeant Lowden contacted Nurse DiCio at Gravley's request, he had not yet indicated that he was in a "state of emergence."  Accordingly, we agree that Nurse DiCio was entitled to summary judgment.

For the foregoing reasons we will affirm in part, vacate in part, and remand the matter to the District Court for further proceedings consistent with this opinion.  In particular, we will vacate that order entered on May 13, 2009, which granted summary judgment in favor of Nurse Filcheck and Administrator Tretinik.  We will summarily affirm the order entered June 24, 2010, granting summary judgment in favor of Nurse DiCio.[2]

---

2 Gravley's motions for oral argument and for an extension of time to submit argument in support of the appeal are denied.